IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY EDWARD BAILEY,       No. CIV S-08-0548-LKK-CMK-P

        Petitioner,

  vs.       FINDINGS AND RECOMMENDATIONS

V.M. ALMAGER,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 9). Petitioner filed an opposition to the motion (Doc. 11).

        Respondent brings this motion on the grounds that the petition for writ of habeas corpus is successive, filed beyond the one-year statute of limitations, and is fully unexhausted.[1] Petitioner claims he should be entitled to equitable tolling, the court should not have dismissed his previous petitions, but instead should have advised him of the stay and abeyance option, and that he is actually innocent.

---

[1] Because the undersigned finds that petitioner's petition is both untimely and successive, whether it is fully unexhausted need not be decided.

1

Petitioner filed his current petition on August 23, 2007, in the United States District Court for the Northern District of California, challenging his 1998 conviction and sentence from the Sacramento County Superior Court.  Upon motion from the Respondent, the Northern District transferred the case to this court, where venue is proper.  Beyond direct appeal, petitioner has filed nine state post-conviction collateral challenges to his conviction and sentence.  The first was filed on December 14, 1998 in the California Supreme Court.  This petition for writ of habeas corpus was denied on April 28, 1999.  He then filed a habeas petition on April 28, 1999 in the Sacramento County Superior Court, which was denied on June 4, 1999; in the California Court of Appeal on July 2, 1999, which was denied on July 15, 1999; and a petition for review in the California Supreme Court on July 23, 1999, which was denied on August 25, 1999.  Petitioner then filed additional habeas petitions in the Sacramento County Superior Court on September 29, 1999, which was denied on November 1, 1999, and on December 10, 1999, which was denied on January 18, 2000.  Additional petitions were filed in the California Court of Appeal on February 3, 2000, which was denied on February 24, 2000, in the California Supreme Court on March 23, 2000, which was denied on June 28, 2000, and in the Sacramento County Superior Court on July 19, 2000, which was denied on August 16, 2000.

Petitioner has also filed two additional petitions for writ of habeas corpus in this court.  The first was filed on February 5, 1998, which was dismissed for failure to exhaust on October 13, 1998.  The second was filed on December 15, 2000, and was dismissed as untimely on March 30, 2004, which was affirmed on appeal.

I. STATUTE OF LIMITATIONS

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28

U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 127

S.Ct. 1079 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner's conviction became final on March 3, 1998. He filed his first state habeas petition on December 14, 1998. His last state habeas petition was denied on August 16, 2000. Even assuming the statute of limitations was tolled for the entire time between the filing of his first state habeas petition and the denial of his ninth and last state habeas petition, which respondent refutes, his federal habeas petitions are untimely.

Petitioner filed a federal habeas petition in this court on December 15, 2000, case number 01-CV-1449-GEB-KJM.[2] At the time of filing this previous federal petition, petitioner had used over nine months of his one year statute of limitations prior to filing his first state petition (March 4, 1998 through December 14, 1998). Then following the denial of his last state petition, on August 16, 2000, he waited four months before filing his federal petition (August 17,

---

[2] Petitioner's other federal habeas petition, case number 98-CV-0236-GEB-JFM, filed on February 5, 1998, was dismissed for petitioner's failure to exhaust his state remedies. This petition was filed prior to petitioner's conviction becoming final, and therefore does not affect the statute of limitations discussion.

2000 through December 15, 2000). Accordingly, his previous petition was dismissed as filed beyond the applicable statue of limitations. Petitioner appealed this decision, and the Ninth Circuit affirmed the judgment on September 6, 2005.

The undersigned agrees with the finding and determination that petitioner's previous federal petition was untimely. That determination was made in 2004. The current petition challenges the same conviction and sentence. The passage of an additional four years prior to the filing of the current petition does not make petitioner's current petition any more timely.

Petitioner argues he is entitled to equitable tolling. He appears to be claiming that he is entitled to equitable tolling because this court should have informed him, during the pendency of his first federal petition in 1998, of the option to stay the federal proceedings and hold his federal petition in abeyance while he exhausted his claims in state court.

Because the statute of limitations under AEDPA is not jurisdictional, it is subject to traditional equitable tolling principles. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." Id. at 419. In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order. See id. In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition. The district court found that Beeler's lead

counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations. Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed." The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . . This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling. Id. at 541.

In addition, the egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact caused the delay. See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003). The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

Here, plaintiff has not demonstrated any extraordinary circumstances which justify tolling the statue of limitations. In fact, he has not provided the court with any specific circumstances for the court to evaluate. His claim of equitable tolling is vague and ambiguous. To the extent he is claiming this court's failure to advise him of the option of staying his previous case and holding his federal petition in abeyance was erroneous, that claim is not well taken. The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). At the time petitioner's first federal petition was dismissed, in 1998,

the statute of limitations had not run.  It appears that he still had approximately six months before the statute of limitations expired.  If petitioner had been diligent, that would have been a sufficient amount of time to file his petition.

The undersigned finds that petitioner's petition for writ of habeas corpus is untimely, and is barred by the statute of limitations.  The petition should be dismissed on this basis.

## II.    SUCCESSIVE PETITION

Respondent also alleges that petitioner's current petition is second or successive and should therefore be dismissed.

A habeas petition is second or successive "if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).  If a second or successive petition raises a claim that was not presented in a previous petition, it will survive dismissal only if it falls within the narrow exceptions of 28 U.S.C. § 2244(b)(2), including a new rule of constitutional law, facts previously unavailable, or facts sufficient to show constitutional error in the petitioner's conviction.  See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Id. (citing 28 U.S.C. § 2244(b)(3)).

A petition can only be successive of a prior petition which has been decided on the merits.  See Cooper v. Calderon, 308 F.3d 1020, 1023-24 (9th Cir. 2002) (Browning, J., dissenting).   The Ninth Circuit does not appear to have decided whether a dismissal based on the running of the statue of limitations is a determination on the merits.  However, the Fresno Division of this court recently addressed this issue.  See Mullins v. Horel, No. 1:07-cv-01162-AWI-TAG HC, 2008 WL 3244341, at *2-3 (C.A.E.D. August 7, 2008).  In Mullins, the court reasoned that a dismissal based on the statute of limitations is similar to a denial of a petition on procedural default grounds.  The denial of a petition as procedurally defaulted is a ruling on the

1 merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005).  The "dismissal of
2 prior petition based on doctrine of procedural default renders a subsequent petition "second or
3 successive" within the meaning of 28 U.S.C. § 2244(b)(3) because the petitioner 'has no further
4 opportunity to obtain a disposition on the merits of his or her claims in the state courts' and the
5 'interest underlying the dismissal of the first petition, i.e. federal-state comity, is still present.'"
6 Mullins, 2008 WL 3244341, at *3 (quoting Henderson, 396 F.3d at 1053).  The court in Mullins
7 then found this rationale applicable to a dismissal on the running of the statue of limitations
8 because "a determination that a federal habeas corpus challenge to a state conviction is time-
9 barred precludes further review of the conviction, and when a second petition is filed, 'the
10 interest underlying the dismissal of the first petition . . . is still present.'" Id.  The undersigned
11 finds this reasoning persuasive, and agrees that a dismissal based on the statute of limitations is a
12 ruling on the merits.  See also, Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005).

13         Here, petitioner's previous federal habeas petition, case number 01-CV-1449-
14 GEB-KJM, was dismissed as untimely and barred by the statute of limitations.  As discussed
15 above, the undersigned agrees with that determination, rendering his current petition a second or
16 successive petition.  Therefore, petitioner was required to obtain leave from the Ninth Circuit
17 prior to filing this petition, which he has not done.  This court has no jurisdiction to consider
18 petitioner's successive petition, and the petition should be dismissed.[3]  See Greenawalt v.
19 Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), abrogation on other grounds recognized by
20 Jackson v. Roe, 423 F.3d 654, 658-6 (9th Cir. 2005).
21 / / /
22 / / /
23 / / /
24

---

25   [3]   Petitioner's claims of actual innocense, if that is what he is claiming, are best
     addressed by the Ninth Circuit upon an application for leave to file a second or successive
26   petition.

8

III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed as untimely and as a second or successive petition filed without leave.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED: February 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE