UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY EDWARD BAILEY,,

Petitioner,

NO. CIV. S-08-548 LKK/CMK P

v.

V.M. ALMAGER,

O R D E R

Respondent.

_____/

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion for reconsideration of this court's March 13, 2009 order, which adopted the magistrate's findings and recommendations in part. The motion for reconsideration is granted.

**I. BACKGROUND**

The facts underlying this petition are laid out in greater detail in the magistrate's findings and recommendations of February 6, 2009, Doc. No. 13.

1

On December 15, 2000, after having sought state habeas relief in state courts, petitioner filed a prior petition for a writ of habeas corpus in federal court, CIV-S-01-1449 GEB KJM P. On February 20, 2004, this petition was dismissed as being filed outside the statute of limitations, and this dismissal was affirmed by the Ninth Circuit on September 6, 2005, in case number 04-15903.

The instant petition was then filed on August 23, 2007. Respondent filed a motion to dismiss the petition. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules. On February 6, 2009, the Magistrate Judge filed findings and recommendations regarding the motion to dismiss, recommending dismissal on two alternative grounds. One was that the petition was untimely. The other was that this court lacked jurisdiction to hear the petition, because the petition was second or successive, and that petitioner had neither sought nor received permission from the Ninth Circuit to file a successive petition. This court issued an order dismissing the petition and adopting the findings and recommendations as to statute of limitations ground, but declining to address the second or successive petition argument.

Respondent filed a timely motion for reconsideration under Fed. R. Civ. P. 59(e), asking that this court also adopt the magistrate's recommendation that dismissal is warranted because the dismissal is successive. Respondent states that the motive for this motion is that petitioner may appeal the decision. Petitioner has subsequently sought a certificate of appealability.

2

**II. STANDARD FOR A FED. R. CIV. P. 59 MOTION TO RECONSIDER**

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III. ANALYSIS**

In this case, respondent argues that reconsideration is warranted because of a clear error of law in this court's prior order. If the instant petition is second or successive within the meaning of 28 U.S.C. § 2244, then this court lacks jurisdiction to hear the petition. Burton v. Stewart, 549 U.S. 147, 152-53 (2007). The statute of limitations, on the other hand, is not jurisdictional. Day v. McDonough, 547 U.S. 198, 205 (2006). This court must resolve jurisdictional questions first.

Accordingly, this court now considers the jurisdictional argument. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case, and in particular, of Part II of the magistrate's findings and recommendations.

A habeas petition is second or successive "if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (quoting Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001)). In contrast, where a prior petition was not decided on the

merits, a subsequent petition is not successive. The Ninth Circuit has not decided whether dismissal on statute of limitations grounds is a decision on the merits for purposes of 28 U.S.C. § 2244. The Second Circuit has held that such a dismissal is on the merits. Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). In Gonzalez v. Crosby, 545 U.S. 524, 533 n.6 (2005), the Supreme Court declined to address the issue. However, the court cited to the Second Circuit's Murray as authority indicating that such a decision was on the merits, and did not cite any contrary authority. In this case, the magistrate noted that at least one other court in this district has followed Murray. See Mullins v. Horel, No. 1:07-cv-01162-AWI-TAG HC, 2008 WL 3244341, 2008 U.S. Dist. LEXIS 71063, at *2-3 (C.A.E.D. August 7, 2008), adopted by 2008 U.S. Dist. LEXIS 77131 (September 12, 2008). Other district courts have joined this conclusion, and this court is not aware of any authority to the contrary. See, e.g., Richardson v. Horel, 1:06-cv-00306-OWW-DLB-HC, 2006 U.S. Dist. LEXIS 79443 (E.D. Cal. Oct. 31, 2006). Accordingly, the court grants respondent's motion for reconsideration, and concludes that the magistrate's findings and recommendations on this issue are supported by the record and by proper analysis.

**IV. CONCLUSION**

For the reasons stated above, the court:

1. GRANTS respondent's motion for reconsideration, Doc. No. 17.

2. AMENDS the order of March 16, 2009, Doc. No. 15, to:

4

a.  ADOPT the magistrate's findings and recommendations of February 6, 2009, Doc. No. 13, in full.
b.  provide, as an alternate ground for dismissal of the petition for writ of habeas corpus, failure to acquire permission to file a second or subsequent petition.

IT IS SO ORDERED.

DATED: June 4, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5